UNITED STATES DISTRICT COURT:
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIANNA DIXON,<br><br>    *Plaintiff*,<br><br>v.<br><br>VIRGIN HOTELS,<br><br>    *Defendant.* | Civil Action No.:<br>Hon.<br>ECF Case<br><br><br>**VERIFIED COMPLAINT**<br><br>TRIAL BY JURY DEMANDED |

Plaintiff TIANNA DIXON ("Plaintiff") by and through her attorneys, Sutton Sachs Meyer, PLLC, as and for her Complaint against Defendant VIRGIN HOTELS, hereby alleges the following upon information and belief.

## NATURE OF THE ACTION

1. Plaintiff Tianna Dixon brings this action for sexual harassment, hostile work environment, and negligent supervision under Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, and the New York City Human Rights Law.

2. Plaintiff, an employee working as a server with Virgin Hotels, was subjected to one of the most basic and egregious forms of workplace sexual harassment when her supervisor sent her an unsolicited photograph of his erect penis.

3. Defendant Virgin Hotels terminated the supervisor, which serves as an implicit admission of wrongdoing.

4. However, the situation has escalated since the supervisor's termination in ways that compound the harm, as the company failed to protect Plaintiff's privacy and reputation.

5. Furthermore, Defendant was on notice of this supervisor's misconduct prior to this incident; another coworker had filed a complaint against this same supervisor for inappropriate behavior, and there was an active investigation at the time of his conduct toward Plaintiff.

1

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over Plaintiff's federal claims under Title VII, 42 U.S.C. § 2000e *et seq.* pursuant to 28 U.S.C. §§ 1331 and 1343.

7.      The Court has supplemental jurisdiction over Plaintiff's related State and City Law claims pursuant to 28 U.S.C. § 1367.

8.      Venue is proper in this District under 28 U.S.C. § 1391 because Defendant resides and/or does business in this District, specifically operating at 1227 Broadway, New York, New York 10001.

## PROCEDURAL PREREQUISITIES

9.      Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

10.     Plaintiff received a Notice of Right to Sue from the EEOC, dated April 1, 2026 with respect to her charges of discrimination.

11.     This Action has been commenced within ninety (90) days of receipt of said Notice of Right to Sue.

## PARTIES

12.     Plaintiff is a resident of New York and, at all times relevant, was employed by Defendant as a server.

13.     Defendant Virgin Hotels maintains an office and employs staff at its location at 1227 Broadway, New York, New York 10001.

**FACTS COMMON TO ALL CAUSES OF ACTION**

Plaintiff's Harassment

14.     Activate promotes itself as a Plaintiff was subjected to one of the most basic and egregious forms of workplace sexual harassment.

15.     In this regard, her supervisor sent her an unsolicited photograph of his erect penis. (**Exhibit A** hereto).

16.     The image came from his personal number.

17.     This explicit message was sent while the perpetrator was employed in a supervisory role over Ms. Dixon.

Defendant's Failure to Protect and Negligent Supervision

18.     Defendant Virgin Hotels was already on notice of this supervisor's misconduct.

19.      Another coworker had filed a complaint against this same supervisor for inappropriate behavior.

20.     There was an active investigation into the supervisor at the time of his conduct toward Ms. Dixon.

21.     Despite this notice, Defendant failed to take adequate preventive steps.

22.     The failure to intervene not only enabled the abuse but exposed Ms. Dixon to harm that could have been avoided.

Mishandling of the Aftermath and Hostile Work Environment

23.     While Defendant terminated the supervisor, the company failed to protect Ms. Dixon's privacy and reputation.

24.     It was the former supervisor himself who proactively contacted multiple employees and disclosed what happened.

25.     Consequently, Ms. Dixon has been approached repeatedly by coworkers, many

3

from other outlets of the hotel, asking about the incident.

26.     Her trauma has become a topic of gossip and speculation among staff.

27.     This environment has made it impossible for her to perform her job without ongoing emotional disruption.

28.     Ms. Dixon has experienced lasting emotional distress, including anxiety, social withdrawal at work, and recurring panic due to constant reminders from colleagues.

29.     The situation has made each shift a reminder of the violation she suffered and the company's mishandling of its aftermath.

## FIRST CLAIM
### (Sex Discrimination – Sexual Harassment and Hostile Work Environment)
### [42 U.S.C. § 2000e *et seq.*]

30.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

31.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, for relief based upon the unlawful employment practices of Defendant. Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender.

32.     Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e et seq. by discriminating against Plaintiff because of her gender, subjecting her to sexual harassment, and enabling a hostile work environment.

## SECOND CLAIM
### (Sex Discrimination – Sexual Harassment and Hostile Work Environment)
### [N.Y. Executive Law, art. 15, § 290 *et seq.*]

33.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

34. By the actions described above, Defendants discriminated against Plaintiff on the basis of her gender in violation of the New York State Human Rights Law by allowing sexual harassment and a hostile work environment to occur.

35. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of monetary damages and other relief, in addition to costs and reasonable attorneys' fees pursuant to N.Y. Exec. Law § 297(10) and punitive damages pursuant to § 297(4)(c).

### THIRD CLAIM
**(Sex Discrimination – Sexual Harassment and Hostile Work Environment)**
**[N.Y.C. Admin. Code §8-107 *et seq*.]**

36. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

37. By the actions described above, Defendant discriminated against Plaintiff on the basis of her gender in violation of the New York City Human Rights Law.

38. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, harm for which she is entitled to an award of monetary damages and other relief, in addition to costs and reasonable attorneys' fees.

39. Defendant's unlawful and discriminatory actions constitute malicious, willful and wanton violations of the NYCHRL for which Plaintiff is entitled to an award of punitive damages pursuant to N.Y. City Admin. Code § 8-502(a).

## FOURTH CLAIM
### (Negligent Supervision)
### [New York State Common Law]

40.     Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in all paragraphs heretofore as if fully set forth herein.

41.     Defendant was on notice of the supervisor's misconduct because a coworker had filed a complaint against this same supervisor for inappropriate behavior, prompting an active investigation at the time of his conduct toward Ms. Dixon.

42.     By failing to take adequate preventive steps, Defendant negligently supervised the employee, which enabled the abuse and exposed Plaintiff to harm.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests the entry of judgment against Defendant as follows:

A.     Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII, the NYHRL, and the NYCHRL by discriminating against plaintiff on the basis of her gender;

B.     Awarding Plaintiff compensatory damages for mental, emotional, and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven at trial but in any event no less than $750,000.00;

C.     Awarding Plaintiff punitive damages;

D.     Awarding Plaintiff attorneys' fees, costs disbursements, and expenses incurred in the prosecution of this action; and

E.      Such other and further relief as the Court may deem equitable, just and proper to remedy Defendants' unlawful employment practices.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff Tianna Dixon hereby demands a trial by jury on all issues so triable against Defendant Virgin Hotels.

Dated:      New York, New York
            May 7, 2026

Yours etc.,
**SUTTON SACHS MEYER PLLC**
*Attorneys for Plaintiff*

<u>Ali R. Jaffery, Esq.</u>
Ali R. Jaffery, Esq.
125 Park Avenue, 25th Floor
New York, NY 10017
t. (212) 480-4357
e. Ali@ssm.law

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

ECF Case No.

Tianna Dixon

*Plaintiff,*

v.

Virgin Hotels

*Defendant.*

**VERIFIED COMPLAINT**

**SUTTON SACHS MEYER PLLC**
*Attorneys for Plaintiff*
125 Park Avenue, 25th Floor
New York, NY 10017
e: Ali@ssm.law
t: (212) 480-4357

Pursuant to Fed. R. Civ. P. 11, *et seq*., the undersigned, Ali R. Jaffery, Esq. hereby certifies to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that: (1) this document is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

*By*: /s/ Ali R. Jaffery, Esq.